construction by the court of the terms of its order opening and vacating the judgment first entered. The terms imposed by the court for favor granted were within its discretion, and, unless abused or mistakenly exercised, beyond interference. Flannery v. James, 18 Wkly. Dig. 557. In granting the motion for retaxation, the court recorded its construction of its former order, saying, "It was intended by me that that amount should be payment of costs of the inquest and disbursements that the plaintiff had incurred, or was entitled to, up to the date of that decision." The terms to be imposed upon opening the default were within the discretion of the court at special term, and, if its order had provided that the plaintiff was not to have the costs and taxable disbursements of the first trial (for an inquest is a trial), the defendant would have been relieved from their payment, and they could not have been taxed by the clerk. The defendant's counsel having failed to obtain an order containing the terms which he claims it should have had, it cannot now be amended by an expression, two years later, of what the learned justice intended, for such unexpressed intention can form no part of the action of the court. The taxation by the clerk of the trial fee and disbursements of the first trial was correct, and should not have been stricken out. The order of the general term of the city court should be reversed, with costs to the appellant.

Order reversed, with costs to the appellant. All concur.

---

### HART v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 28, 1899.)

CARRIERS—INJURIES TO PASSENGERS—SUFFICIENCY OF EVIDENCE.

> Plaintiff testified that the street car started suddenly while she was alighting, throwing her to the ground. The conductor, the motorman, and three passengers testified that the car came to a full stop before plaintiff attempted to alight, and that it made no movement until after she had fallen. *Held*, that a judgment for plaintiff would be reversed.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Florence Hart against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Charles C. Peters, for respondent.

FREEDMAN, P. J. The plaintiff brings this action to recover damages for personal injuries sustained by reason of the alleged negligence of the defendant. The plaintiff claims that, as she was attempting to alight from one of the defendant's cars, it suddenly started, and she was thereby thrown to the ground, by which she received the injuries complained of. It is conceded by the appellant that the

issue in the case is confined to the question, did the car start and throw the plaintiff as she was about to get off, or did she stumble and fall from a cause not attributable to any act of the defendant? The plaintiff was the only witness sworn in her own behalf, and her testimony is to the effect that the car had come to a full stop in response to her signal to the conductor; that as she was in the act of stepping from the car to the street, and while she had one foot on the step of the car and one foot on the ground, the conductor rang the bell, the car suddenly started, and she was thrown violently to the ground. The defendant produced the conductor and motorman of the car, and three passengers who were upon the car at the time the accident occurred (the passengers evidently being disinterested witnesses), who, while differing somewhat as to details, agree in saying that at the time the plaintiff fell the car was motionless; that it had come to a full stop before she attempted to alight; that it made no movement of any kind until after the plaintiff had fallen and had been assisted to her feet, and that she fell as she was in the act of stepping down from the car; and that the fall was from a cause other than that given as the reason by the plaintiff. This testimony so clearly outweighs the evidence of the plaintiff that the judgment should be reversed. '

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurring. LEVENTRITT, J., taking no part.

